UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

IN ADMIRALTY

| | |
|---|---|
| EUCEBIO MARTINEZ, | CASE NO.: **03-60961** |
| Plaintiff, | Magistrate: |
| vs. | |
| G & G MARINE, INC., in personam; and, M/V BAHAMA PRIDE, her engines, boilers, tackle, equipment, apparel, appurtenances, etc., in rem, | CIV-DIMITROULEAS |
| Defendants. | MAGISTRATE JUDGE SELTZER |

### VERIFIED SEAMAN'S COMPLAINT FOR DAMAGES WITH REQUEST FOR RULE C ARREST IN REM

COMES NOW the Plaintiff, EUCEBIO MARTINEZ, ("MARTINEZ""), by and through her undersigned attorneys, and files this Verified Seaman's Complaint with Request for Rule C Arrest In Rem against the Defendants, G & G MARINE, INC. in personam, ("G & G MARINE"); and, M/V BAHAMA PRIDE, her engines, boilers, tackle, equipment, apparel, appurtenances, etc., in rem; and, and alleges:

1.  This court has jurisdiction pursuant to 28 U.S.C. §1331, 46 U.S.C. §688 et seq., 46 U.S.C. app. §761 et seq., and the General Maritime Law of the United States.

2.  At all times material, MARTINEZ was and is a foreign national from Honduras who was employed as a crew member by G & G MARINE aboard the M/V BAHAMA PRIDE, and was a seaman pursuant to 28 U.S.C. §1916 and 46 U.S.C. §688, et seq. Having been a seaman pursuant to 28 U.S.C. §1916, there shall be no security required



for costs or fees upon filing of this action.

3. At all times material, G & G MARINE was and is a corporation organized under the laws of Florida with its principal place of business located at 760 Northeast 7th Avenue, Dania, Florida, and is the owner, operator and manager of the M/V BAHAMA PRIDE.

4. At all times material, G & G MARINE, as owner, operator and manager of the M/V BAHAMA PRIDE, was and is doing business in Broward County, State of Florida.

5. At all times material, the M/V BAHAMA PRIDE was and is a Panamanian flagged cargo ship approximately 55 meters long and approximately 646 gross tons, registered under the laws of Panama with official number HP8626.

6. At all times material, the M/V BAHAMA PRIDE was a vessel in navigation on navigable waters.

7. Venue lies within the Southern District of Florida pursuant to the provisions of 28 U.S.C. §1391, 46 U.S.C. §688 et seq., 46 U.S.C. app. §761 et seq., and the General Maritime Law of the United States. Further, the M/V BAHAMA PRIDE regularly sails in and out of this District in Port Dania, Broward County, State of Florida, G & G MARINE maintains its principal place of business and base of operations in Dania, Broward County, Florida, and regularly and extensively is doing and does business in the Southern District of Florida.

8. On or about April 30, 2002, while employed by G & G MARINE and working as a crewmember cook in the service of the vessel, the M/V BAHAMA PRIDE, MARTINEZ's right foot, leg and ankle was run over by a fork lift while he standing on the

dock where the vessel was moored in Freeport, Bahamas, after the forklift had been used in discharging the vessel's cargo.

9. As a result of the above-described incident, MARTINEZ sustained severe and permanent injuries to his right ankle necessitating MARTINEZ be transferred from Freeport to Nassau, Bahamas where surgery was performed 3 days later, including but not limited to the open reduction and debridement of the severe right ankle compound fracture with the implantation of pins, screws and/or plates with skin grafts.

10. Thereafter, MARTINEZ was hospitalized in Nassau, Bahamas until he was discharged from the hospital and repatriated by G & G MARINE to his home country of Honduras on or about May 22, 2003.

11. Upon arriving in his home country of Honduras, G & G MARINE selected, administered and provided MARTINEZ's physicians to to provide medical care.

12. On or about July 25, 2002, MARTINEZ's treating orthopedic surgeon selected by G & G MARINE in Honduras determined MARTINEZ had not to have reached maximum medical cure and recommended that MARTINEZ undergo a second surgery to remove the screw and plates from his right ankle.

13. MARTINEZ's treating orthopedic surgeon selected and provided by G & G MARINE in Honduras advised G & G MARINE of his recommendation for the second surgery to remove the screws and plates from MARTINEZ's right ankle, and advised G & G MARINE of the approximate cost of said second surgery to be $8,000.00.

14. Despite its own selected physician's recommendations, G & G MARINE refused to provide MARTINEZ with the medically necessary treatment.

15. Instead, G & G MARINE's attorney's hired a well known litigation physician in Miami, Richard L. Glatzer, M.D., to review an x-ray of MARTINEZ, after which Dr. Glatzer stated in a letter to G & G MARINE's attorneys that MARTINEZ did not need the second surgery to remove the screw and plates from his right ankle.

16. Dr. Glatzer rendered his opinion regarding the necessity of the second surgery solely upon the basis of a review MARTINEZ's x-ray, has never physically examined MARTINEZ, and has never determined MARTINEZ to have reached maximum medical cure.

17. MARTINEZ has made several written requests to G & G MARINE to authorize the second surgery to remove the screws and plates from his right ankle, but to date, all such demand have been refused by G & G MARINE.

18. On April 21, 2003, MARTINEZ obtained a second opinion from another orthopedic surgeon in Honduras, Arturo Rafael Maradiaga, M.D., and who determined that MARTINEZ was not at maximum medical cure and that his condition continues to worsen due to the screws and plates having not been removed. Dr. Maradiaga also recommended the second surgery be performed as soon as possible to avoid further damage and complications to MARTINEZ's right ankle.

19. MARTINEZ provided G & G MARINE a copy of Dr. Maradiaga's medical report and again requested authorization for the second surgery to remove the crews and plates from his right ankle, but was again refused by G & G MARINE.

20. Further, even though no physician has ever declared MARTINEZ to have reached maximum medical cure, G & G MARINE has refused and failed to pay

MARTINEZ's maintenance since December 2002, and despite repeated written demands for the payment of all outstanding maintenance benefits, including but not limited to January 2003, February 2003, March 2003, and April 2003, G & G MARINE has refused to pay MARTINEZ said benefits. Said maintenance benefits total approximately $1,800.00.

21.   G & G MARINE's failure without reason to pay MARTINEZ's maintenance and cure benefits resulted in MARTINEZ having to incurred significant attorney's fees and costs in prosecuting the instant claim for maintenance and cure benefits.

22.   As a result of G & G MARINE's failure to provide prompt, proper and adequate maintenance and cure to MARTINEZ, MARTINEZ's medical condition has worsened, he has not been fit for duty and unable to work, and he has sustained significant pain and suffering that could have been alleviated had G & G MARINE authorized the second surgery to remove the screws and plates from his right ankle.

## COUNT I
### (Jones Act Claim - Failure to Treat)

MARTINEZ re-adopts and re-alleges paragraphs 1 through 22 and further alleges:

23.   On or about the 30th day of April, 2002, MARTINEZ was employed by G & G MARINE as a seaman, was aboard said ship and was a member of said ship's crew. Said ship was in navigable waters and MARTINEZ was in the course of his employment with G & G MARINE by being in the service of the ship and answerable to the call of duty thereby.

24.   On or about the above date, G & G MARINE had a duty to provide MARTINEZ with prompt, proper and adequate medical care.

5

25. Having been severely and permanently injured while in the service of the vessel as described above, MARTINEZ was entitled to receive prompt, proper and adequate medical care from G & G MARINE.

26. G & G MARINE, personally, or through its health care providers and physicians selected to treat MARTINEZ, negligently failed to provide MARTINEZ with prompt, proper, adequate and complete medical care by refusing necessary and recommended medical care to MARTINEZ, including but not limited to a second surgery to remove the screws and plates in his right ankle.

27. G &N G MARINE's failure and refusal to provide MARTINEZ with prompt, proper, adequate and complete medical care is the proximate cause of and/or contributed to MARTINEZ suffering additional pain, suffering, loss of ability to work, lost wages, loss of earnings, disfigurement, loss of the enjoyment of life, disability and/or prolonged MARTINEZ' recovery.

28. G & G MARINE's failure to provide MARTINEZ with prompt, proper, adequate and complete medical care was willful, arbitrary, capricious, and in callous disregard for MARTINEZ's rights as a seaman.

## COUNT II
### (Failure to Provide Maintenance and Cure)

MARTINEZ re-alleges each and every allegation contained in paragraphs 1 through 22, and further alleges:

29. On or about the previously stated date, MARTINEZ, a seaman, was injured while employed by G & G MARINE as a crew member in the service of the above named

6

vessel, and while MARTINEZ was in the service of the ship and answerable to the call of duty thereby.

30. As a result, MARTINEZ is entitled to maintenance and cure benefits from his employers and/or shipowners, G & G MARINE, and/or the vessel, M/V BAHAMA PRIDE, in rem, including but not limited to medical care, food and lodging, and unearned wages.

31. Prior to the filing of this action, MARTINEZ made numerous demands on G & G MARINE for the providing of and payment of maintenance and cure benefits, including but not limited to medical care, food and lodging.

32. Despite the numerous written demand, G & G MARINE has failed and refused to provide MARTINEZ with past due maintenance and cure benefits, including but not limited to maintenance payments for January 2003, February 2003, March 2003, and April 2003, totaling approximately $1,800.00, and the second necessary and recommended surgery to remove the screws and plates from his right ankle the cost of which total approximately $8,000.00.

33. G & G MARINE's refusal and failure to provide and to pay the MARTINEZ's maintenance and cure benefits, including but not limited to medical care, food and lodging, is willful, arbitrary, capricious, and in callous disregard for MARTINEZ's rights as a seaman.

34. As a result of G & G MARINE's actions as described herein, MARTINEZ has a maritime lien of the "highest priority" against the above named vessel for unpaid maintenance and cure benefits, including but not limited to medical care, food and lodging.

## COUNT III
### (Attorney's Fees)

MARTINEZ re-alleges each and every allegation contained in paragraphs 1 through 22, and further alleges:

35. G & G MARINE's refusal to provide and to pay MARTINEZ's maintenance and cure benefits, including but not limited to medical care, food and lodging, is willful, arbitrary, capricious, and in callous disregard for MARTINEZ's rights as a seaman.

36. As a result, MARTINEZ has had to hire the undersigned attorneys and has become indebted to the undersigned for a reasonable attorney's fee in excess of $20,000.00, for which he is entitled to recover from G & G MARINE.

## COUNT IV
### (Punitive Damages)

MARTINEZ re-alleges each and every allegation contained in paragraphs 1 through 22 and 29 through 34, and further alleges:

37. G & G MARINE's refusal to provide and to pay MARTINEZ's maintenance and cure benefits, including but not limited to medical care, food and lodging, is willful, arbitrary, capricious, and in callous disregard for MARTINEZ's rights as a seaman.

38. As a result, MARTINEZ is entitled to recover punitive damages from G & G MARINE, said damages being in excess of $100,000.00.

## COUNT V
### (Prejudgment Interest)

MARTINEZ JUAREZ re-alleges each and every allegation contained in paragraphs 1 through 38, and further alleges:

39.   In addition to attorney's fees and punitive damages, MARTINEZ is entitled to prejudgment interest.

## DEMAND FOR JURY TRIAL

40.   MARTINEZ hereby demands a trial by jury of all of the issues triable by right.

WHEREFORE, the Plaintiff prays:

a.   Process in due form of law, according to the practice of this Court, issue against the M/V BAHAMA PRIDE, its engines, boilers, tackle, equipment, apparel, appurtenance, etc. and that any person, firm or corporation claiming any interest in said vessel be cited to appear ad answer this Complaint;

b.   The maritime lien of the "highest priority" for G & G MARINE's failure to provide and to pay MARTINEZ's maintenance and cure benefits and unseaworthiness be declared valid and sustaining an interest in favor of MARTINEZ in the M/V BAHAMA PRIDE in a principal amount to be set by this Court, together with prejudgment interest continuing to accrue thereon, plus costs, and to be superior to the interests, liens, claims or mortgages of any and all persons, firms or corporations whatsoever;

c.   This Court direct the manner in which the actual notice of the commencement of this suit shall be given by MARTINEZ to the master, or other ranking officer or caretaker of the M/V BAHAMA PRIDE, and any other persons, firms or corporations having any interest therein or having filed any mortgages or notices of liens against said vessel;

d.   A judgment in a principal amount to be set by this Court, together with interest continuing to accrue thereon, plus costs be entered in favor of MARTINEZ and against the M/V BAHAMA PRIDE for G & G MARINE's failure to pay or provide

MARTINEZ's maintenance and cure benefits and unseaworthiness, including but not limited to medical care, food and lodging, attorney's fees, prejudgment interest, costs, compensatory and punitive damages;

    e.    That said M/V BAHAMA PRIDE, its engines, boilers, tackle, equipment, apparel, appurtenances, etc. be arrested, condemned and sold by the United States Marshal of this District under decree of this Court to satisfy said judgment or any portion thereof;

    f.    That process according to the practice of this Court issue against the owners and managers of the M/V BAHAMA PRIDE and/or G & G MARINE;

    g.    That judgment be entered against G & G MARINE for damages under the Jones Act and Failure to Provide Maintenance and Cure, including but not limited to medical care, food and lodging, attorney's fees, prejudgment interest, costs, compensatory and punitive damages;

    h.    That MARTINEZ be granted a jury trial on all issues so triable by a jury by right, and an other such relief as may be deemed proper and equitable under the circumstances.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing was served by Facsimile [305-789-9201/617-242-7078/954-922-8316] and United States Mail this 22nd day of May, 2003, on: Alan R. Kelly, Esquire, Fowler White Burnett, P.A., 100 Southeast 2nd Street, 17th Floor Miami, Florida 33131; David E. Sargent, International Special Risks, Inc., Captain's Quarters, Charlestown Navy Yard, Two 13th Street, Boston, Massachusetts 02129-2036;

and, Steven R. Ganoe, President, G & G Marine, Inc., 760 Northeast 7th Avenue, Dania, Florida 33004.

                                    GUILFORD & RASH, P.A.
                                    Attorneys for the Plaintiff
                                    Courthouse Tower - Suite 750
                                    44 West Flagler Street
                                    Miami, Florida 33130
                                    Telephone:  (305) 539-1999
                                    Facsimile:  (305) 539-1998
                                    by: _____
                                        DAVID C. RASH
                                    Florida Bar # 0977764

JS 44
(Rev. 12/96)

# CIVIL COVER SHEET

03-60961

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**  Eucebio Martinez

**DEFENDANTS**  G & G Marine, Inc., in personam; and, M/V Bahama Pride, her engines, boilers, tackle, equipment, apparel, appurtenances, etc. in rem.

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** Foreign County
(EXCEPT IN U.S. PLAINTIFF CASES)

**COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT** Broward
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c) ATTORNEYS** (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
David C. Rash, Esquire
GUILFORD & RASH, P.A.
COURTHOUSE TOWER SUITE 750
44 WEST FLAGLER STREET
MIAMI, FLORIDA 33130

**ATTORNEYS** (IF KNOWN)

Broward
03-60961 CIV WPD / BSS

CIV - DIMITROULEAS
MAGISTRATE JUDGE SELTZER

**(d) CIRCLE COUNTY WHERE ACTION AROSE:** DADE, MONROE, (BROWARD), PALM BEACH, MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE, HIGHLANDS

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☒ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| A CONTRACT | A TORTS | | FORFEITURE/PENALTY | A BANKRUPTCY | A OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | B☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury — Med Malpractice | B☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | B☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 365 Personal Injury — Product Liability | B☐ 630 Liquor Laws | | B☐ 450 Commerce/ICC Rates/etc |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | | ☐ 368 Asbestos Personal Injury Product Liability | B☐ 640 R R & Truck | **A PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers Liability | | B☐ 650 Airline Regs | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| B☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☒ 340 Marine | **PERSONAL PROPERTY** | B☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | B☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/Exchange |
| B☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | | | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 160 Stockholders Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **A LABOR** | **B SOCIAL SECURITY** | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | | ☐ 720 Labor/Mgmt Relations | ☐ 862 Black Lung (923) | ☐ 893 Environmental Matters |
| **A REAL PROPERTY** | **A CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | B☐ 510 Motions to Vacate Sentence | ☐ 730 Labor/Mgmt Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 895 Freedom of Information Act |
| B☐ 220 Foreclosure | ☐ 442 Employment | **HABEAS CORPUS:** | | ☐ 865 RSI (405(g)) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | B☐ 530 General | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | | A☐ 535 Death Penalty | ☐ 790 Other Labor Litigation | A☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 890 Other Statutory Actions |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | B☐ 540 Mandamus & Other | | | A OR B |
| ☐ 290 All Other Real Property | ☐ 440 Other Civil Rights | B☐ 550 Civil Rights | A☐ 791 Empl. Ret. Inc Security Act | A☐ 871 IRS — Third Party 26 USC 7609 | |
| | | B☐ 555 Prison Condition | | | |

## VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

28 USC 1331, 46 USC 688, 46 USC 761, General Maritime Law

Seaman's claim for Jones Act Failure to Treat, Maintenance and Cure, Attorney's Fees, Prejudgment Interest and Punitive Damages

**LENGTH OF TRIAL** via 5 days estimated (for both sides to try entire case)

## VII. REQUESTED IN COMPLAINT:

CHECK IF THIS IS A **CLASS ACTION** ☐ UNDER F.R.C.P. 23

**DEMAND $** 2,150,000.00

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ YES ☐ NO

## VIII. RELATED CASE(S) IF ANY (See instructions):

JUDGE _____  DOCKET NUMBER _____

**DATE** 5/22/03

**SIGNATURE OF ATTORNEY OF RECORD** [signature] 0977264

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT $150.00  APPLYING IFP _____  JUDGE 882933  MAG. JUDGE _____

05/22/03